UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| William Sircy, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Commercial Recovery Systems, Inc., | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, William Sircy, by undersigned counsel, states as follows:

## **JURISDICTION**

1.  This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, William Sircy ("Plaintiff"), is an adult individual residing in Taylorsville, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton FWY., Suite, 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Commercial Engages in Harassment and Abusive Tactics**

10.     Within the last year, the Defendant contacted the Plaintiff in an attempt to collect the Debt.

11.     In April 2012, Plaintiff asked Commercial to provide him with written correspondence outlining Commercial's attempts to collect the Debt.

12.     Plaintiff explained to Commercial that the Debt belongs to his ex-wife and that he was in the process of a divorce. Plaintiff requested a 30-Day Validation Notice from Commercial so that he could dispute the Debt and/or request validation of the Debt.

13.     After several requests, Commercial ultimately agreed to send paperwork via fax to Plaintiff.

14.     Plaintiff provided Commercial with his employer's fax number and told Commercial to immediately fax the correspondence to his office. Plaintiff warned Commercial that the fax machine is used by many of his coworkers and that Plaintiff's job could be jeopardized if Commercial did not send the documents at the time they agreed.

15.     Plaintiff did not receive the fax at the time agreed and placed a subsequent call to Commercial to advise it that he was no longer in the office and asked Commercial not to fax documents to his office because they run the risk of being seen by Plaintiff's employer. Plaintiff instead provided Commercial with his email address and asked Commercial to email the documents to him.

16.     Despite Plaintiff's request, Commercial proceeded to fax documents relating to the Debt to Plaintiff's employer's fax machine, causing Plaintiff a great amount of embarrassment and humiliation.

17. Commercial representative "Morgan Richards" threatened to garnish Plaintiff's wages and threatened to place a lien on Plaintiff's home and Plaintiff's bank account if Plaintiff did not immediately pay the Debt.

18. Ms. Richards left several harassing voicemails with Plaintiff reiterating her threats.

19. One of Ms. Richards's voicemails stated in part, "If I have not heard from you before 4p.m. today with the payment, we'll go ahead and move forward with everything I advised you of [Commercial's threats to garnish Plaintiff's wages and place a lien on Plaintiff's property and bank account]. I'm not going to continue to play the games with you, you already know the debt is valid and you already know what you owe it for."

20. During a different voicemail, Ms. Richards stated '"...If I have not heard from you by 1p.m. today, I will go ahead and move forward with everything I did advise you of [Commercial's threats to garnish Plaintiff's wages and place a lien on Plaintiff's property and bank account] unfortunately. I've done my part."

21. Commercial's threats were false because Commercial has not taken legal action against Plaintiff and does not have the present ability to garnish Plaintiff's wages or place a lien on Plaintiff's home and Plaintiff's bank account.

22. Further, Commercial's threats to Plaintiff overshadow Plaintiff's rights under Federal and State laws to dispute the Debt or request validation of the Debt.

23. Commercial regularly failed to identify itself and include the "mini-Miranda warning" when placing calls to Plaintiff in an attempt to collect the Debt.

24. Commercial failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff.

**C.     Plaintiff Suffered Actual Damages**

25.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

44. The Defendants threatened to seize, repossess or sell the Plaintiff's property without first instituting proper court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(7).

45. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

46. The Defendants called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

47. The Defendants failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.304(4).

48. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

52.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff by sending personal information about the Debt to Plaintiff's employer and by repeatedly making unlawful threats to Plaintiff.

53.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

54.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

56.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 6, 2012

Respectfully submitted,

By /s/ Jody B. Burton

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff

9